UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS                                                                    Plaintiff

v.                                                      Civil Action No. 3:21-CV-259-RGJ

BENJAMIN BEATON                                                               Defendant

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Lynell Willis filed the instant *pro se* action.  He also filed an application to proceed without prepayment of fees (DN 4).  Upon review of the application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a).  Accordingly, **IT IS ORDERED** that the application (DN 4) is **GRANTED**.

This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the instant action will be dismissed.

### I.  SUMMARY OF CLAIMS

Plaintiff filed his complaint on a court-approved form.  He sues the Honorable Judge Benjamin Beaton.  As the grounds for filing this case in federal court, Plaintiff states, "Deregulation of civil suit violating 4th degree amendment laws in a serious matter to myself: United States . . . Law 4566."  As the amount in controversy, he states, "45 million.  Causing deregulation in the U.S., violating United States of 4th Amendment intention of causing deformalities, deregulating my 4th amendment in a civil suit causing or wanting me to pay 402.00 to file this suit."  As the statement of claim, Plaintiff states,  "On April 19th I received a

motion to pay $402.00 from the office Judge Benjamin Beaton to file and hear my civil suit heard and be seen in his court.  I cannot afford to do so & did not receive a [illegible] or financial assistance form."  He continues as follows:

> As the other suits were so-called dismissed for the same reasons laws pertaining to the United States of 4th amendment, as well as laws pertaining to me as a citizen (4th admendment) have caused hardships such as many 5 cases being exposed on the internet due to law of deregulartory being broken U.S. law 4566: KSR Law 4566.

In the "Relief" section of the form, Plaintiff states as follows:

> I would like the courts to review KRS Law of Kentucky 4566 to prove the case filing fee of 402.00 is not needed for me to be heard or seen in the court of law. To as well continue reading furtherun on about what happens when judges violate this law, who it effects, why & what penalties are given.

## II.  ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Immunity extends to complaints arising out of judicial conduct in criminal as well as civil suits. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Moreover, the common law immunity of judges applies to suits alleging deprivations of constitutional rights. *Id.* A plaintiff may recover damages against a judge only when the judge has acted in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Furthermore, "[a]bsolute immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, *i.e.*, one not taken in the judge's judicial capacity, such as terminating an employee." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. 219, 229-30 (1988)).

In the instant case, Plaintiff's allegations against Judge Beaton clearly arise from his role as the judge in Plaintiff's case before him. Plaintiff does not allege that Judge Beaton acted in the absence of jurisdiction or that his claims arise out of any non-judicial act. Therefore, Judge Beaton's conduct is protected by judicial immunity, and Plaintiff's claim against him will be dismissed for failure to state a claim upon which relief may be granted.

A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

Date:   July 19, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc:   Plaintiff, *pro se*
      Judge Beaton

A961.010